IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

YONAS RESOM FESHAYE,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen; IMMIGRATION AND CUSTOMS ENFORCEMENT, ICE; UNITED STATES IMMIGRATION AND CUSTOMS, USCIS; MARK MULLIN, Sec of Homeland Sec; and TODD BLANCHE,

Respondents.

**8:26CV578**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Yonas Resom Feshaye's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held by Respondents without being afforded a bond determination. The Court concludes that because Petitioner is subject to a final order of removal, he is not eligible to be released on bond.

## I. BACKGROUND

Petitioner was born in Ethiopia and is a citizen of Eritrea. Filing No. 7 at 3. He entered the United States as a refugee on July 25, 2012, and adjusted status to that of lawful permanent resident on November 6, 2013. Filing No. 7 at 3.

On July 18, 2023, Petitioner was convicted of domestic assault and violating a protection order and sentenced to 9 months for domestic assault and 3 months for violating a protection order to be served consecutively. Filing No. 7 at 3. Respondents issued an immigration detainer and a warrant of arrest on November 30, 2025. Filing No. 7 at 3. Respondents issued Petitioner a notice to appear for removal proceedings on March 31, 2026. Filing No. 7-1.

Petitioner came into ICE custody on March 31, 2026, after being released from a 24-month sentence for third-offense DUI. Filing No. 7 at 3. On September 17, 2026, an immigration judge found Petitioner removable based on his convictions for domestic violence and violation of a protection order. Filing No. 7-3. The immigration judge further denied Petitioner cancellation of removal because of his criminal history and lack of familial/community support. Filing No. 7-3 at 1. The immigration judge ordered Petitioner removed to Eritrea. Filing No. 7-3 at 2.

Petitioner refused to fill out a State of Eritrea Department of Immigration and Nationality Application Form for National Identity Card. Filing No. 7 at 4. Accordingly, on September 30, 2026, ICE submitted the application form on Petitioner's behalf in order to obtain the necessary travel documents to effectuate Petitioner's removal. Filing No. 7 at 4.

Petitioner files for habeas corpus relief, arguing he must be released. Filing No. 1. He remains detained at the Lincoln County Jail in North Platte, Nebraska. Filing No. 7 at 4.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner has been ordered removed. Once a non-citizen has been ordered removed, "[d]uring the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added). Thus, this Court has no authority to order release of an alien subject to a final order of removal.

As Respondents note, there is also a potential issue based on the length of Petitioner's post-removal order detention, but this argument must fail at the present time. Once an alien has been ordered removed, he or she is subject to mandatory detention during the initial ninety-day removal period. 8 U.S.C. § 1231(a)(6). If the alien is not removed after this ninety-day removal period, release is not automatic. Rather, the United States is allowed to determine if further detention is warranted or if the individual should be released under supervision. 8 C.F.R. § 241.4(i). However, the Supreme Court has determined that an alien may not be detained indefinitely beyond the removal period. Examining the legislative history, the Court found congressional intent that detention of less than six months is generally acceptable. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Beyond this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

First, Petitioner does not advance a *Zadvydas* argument in his Petition and does not argue the length of his detention requires release, and for that reason alone the Court cannot grant him relief on that basis. Second, however, even if the Court were to construe his Petition as asserting a *Zadvydas* claim, he has been detained for less than ninety days, placing him squarely within the mandatory post-removal detention period. Lastly,

Petitioner's domestic- assault and protection-order convictions may render him subject to detention beyond the removal period under 8 U.S.C. § 1231(a)(6).

In sum, there is no basis to grant Petitioner's petition for writ of habeas corpus.

Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is denied.
2. Respondents' Motion to Vacate Order Assigning Specific Department of Justice Counsel and Objection regarding Order to Show Cause, Filing No. 4, is denied as moot in light of the resolution of the underlying Petition. However, the Court notes the concerns Respondents raise in the motion and will take them into consideration in future cases presenting similar issues.
3. The Court will enter a separate judgment.

Dated this 15th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge